**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1604-17T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JOHN E. ALEXANDER,

    Defendant-Appellant.

_____

Submitted June 17, 2020 – Decided July 24, 2020

Before Judges Koblitz and Gilson.

On appeal from the Superior Court of New Jersey, Law Division, Burlington County, Municipal Appeal No. 03-17.

Amy Elizabeth Vasquez, attorney for appellant.

Scott A. Coffina, Burlington County Prosecutor, attorney for respondent (Jennifer Bentzel Paszkiewicz, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Following a trial de novo in the Law Division, defendant John Alexander was convicted of disorderly persons resisting arrest, N.J.S.A. 2C:29-2, and sentenced to pay a fine of $500 and costs and assessment of $158. He appeals, arguing that there was insufficient evidence to establish beyond a reasonable doubt that he resisted arrest. We discern no grounds to reject the Law Division's factual findings that were based on the testimony of the arresting officer and a review of videos of the arrest. Accordingly, we affirm.

I.

The trial de novo was conducted on a review of a municipal court record. R. 3:28-8(a). At trial, two witnesses testified: Officer Steven Elmer and defendant. The State also introduced into evidence videos, with no audio, of the arrest and the processing of defendant at the police "substation."

Officer Elmer, who arrested defendant, testified that he was asked to assist a fare enforcement officer who detained defendant to review his train ticket. The enforcement officer told Elmer that defendant was not cooperating and not providing "enough info[rmation]." Consequently, Elmer told defendant he was under arrest for theft of services. Elmer handcuffed defendant and testified that defendant resisted by continuously turning around and another officer had to

2

assist Elmer in putting the handcuffs on defendant. While providing that testimony, Elmer reviewed a video of the arrest. In that regard, Elmer testified:

> Q. So Officer, someone walked up behind the defendant and placed handcuffs on him. Is that you?
>
> A. I did. At that point, the fare person told me he wasn't cooperating and he didn't give enough info so, at that time, he was - - I told him he was under arrest for theft of service and I proceeded to put the first cuff on his left wrist.
>
> (video played)
>
> A. He immediately started saying I was hurting him before I even got the second cuff on and then he continues turning around. He's talking at me and I'm telling him to calm down and then he's still resisting and Officer Weiss (phonetic) had to assist me and then off camera right now is when we are trying to cuff him. I even put my hand on his chest and told him to calm down and end up doing a control half pitfalls (sic) to control him until Sergeant Weiss (phonetic) helped me finish cuffing him.

Defendant was taken to the substation next to the train station for processing. Elmer also reviewed a video of that processing and testified that defendant resisted when Elmer tried to search him incident to his arrest. Concerning the processing, the relevant portion of the trial transcript reads:

> THE COURT: All right. For the record, it's 5/20/16 at 6:09:16 on the video.

A-1604-17T4

A.     That was me that just came into the screen, the picture of this area.

Q.     Officer, is that you that we see in the video?

A.     Yes.

Q.     And that's the defendant there, Mr. Alexander?

A.     Correct.

Q.     And who is - - who's the sergeant?

A.     Sergeant Melvin Webb (phonetic).

Q.     And what did he just do at that point?

A.     He's trying to twist around and face me. I'm just trying to search him.

Defendant testified that after he got off the train, a fare enforcement officer questioned him about his ticket. He explained that he had purchased two tickets and he became "a little irate" about being questioned about something he considered to be "nonsense." In response to questions from the enforcement officer, defendant gave his name and address, but could not remember his Social Security number. At that point, the enforcement officer told another officer that defendant was not cooperating, and that second officer put handcuffs on him. Concerning the arrest itself, defendant testified:

As you see there in the tape, the officer approached over to me. He put his handcuffs on me. The first one he

4

A-1604-17T4

put on me was tight enough to cut my wrist. I immediately turned as is shown on the video and asked him why, why did he have to put the cuff on so tight? From that point in time, when the wrists were - - when the arrest was effectuated, they went on and took me down the track. From there, that I sat there and I gave - - allowed them to go ahead and search my bag which had information which actually came up on (indiscernible) Trenton which had not only my date of birth and all the information that they needed. Without a Social Security number, they would have known who I was.

Defendant was charged with three disorderly persons offenses: theft of services, N.J.S.A. 2C:20-8; hindering his apprehension, N.J.S.A. 2:20-8; and resisting arrest. The municipal judge found defendant not guilty of theft of services, but guilty of hindering and resisting. The judge then merged the hindering conviction into the resisting conviction and sentenced defendant to pay a fine, costs, and assessment.

As already noted, defendant sought de novo review in the Law Division. After reviewing the trial testimony and the videos, the Law Division judge found defendant guilty of resisting arrest and sentenced defendant to pay the same fine, costs, and assessment imposed by the municipal judge.

II.

On appeal, defendant makes one argument:

> I.     THE LAW DIVISION ERRED IN FINDING DEFENDANT GUILTY OF DISORDERLY CONDUCT IN VIOLATION OF N.J.S.A. 2C:[29-2].

Our review of a trial de novo in the Law Division is limited. We decide whether the Law Division judge's factual findings are supported by sufficient credible evidence. State v. Locurto, 157 N.J. 463, 470-71 (1999) (citing State v. Johnson, 42 N.J. 146, 161 (1964)); see also State v. Robinson, 228 N.J. 138, 148 (2017); State v. Adubato, 420 N.J. Super. 167, 176 (App. Div. 2011). Our Supreme Court has directed that our review of video evidence is also deferential. State v. S.S., 229 N.J. 360, 381 (2017). Accordingly, a trial court finding based on video evidence can only be reversed on appeal if the trial court's interpretation of the video evidence was so wide of the mark that the interests of justice demand intervention. Ibid. (citing State v. Elders, 192 N.J. 224, 245 (2007)).

"A person is guilty of a disorderly persons offense if he purposely prevents or attempts to prevent a law enforcement officer from effectuating an arrest." N.J.S.A. 2C:29-2(a)(1). It is not a defense to claim that the arrest was unlawful "provided [the officer] was acting under the color of his official authority and

provided the law enforcement officer announces his intention to arrest prior to the resistance." N.J.S.A. 2C:29-2(b).

The law is not at issue on this appeal. Accordingly, the limited question on this appeal is whether the Law Division's factual findings are supported by sufficient credible evidence in the record. Having reviewed the record, we are constrained to defer to the factual findings by the Law Division. The Law Division relied on the testimony of the arresting officer, Officer Elmer. While the judge did not expressly find Officer Elmer credible, his reliance on his testimony indicates that he found him credible. Locurto, 157 N.J. at 472 (citations omitted) ("[T]he Court found it unnecessary for a trial court to enunciate credibility findings when the record as a whole made the findings clear."). The judge also found that the video evidence was consistent with, and corroborated the officer's testimony. Based on that evidence, the Law Division judge found that defendant resisted arrest when he was initially placed in handcuffs and when he was searched incident to his arrest.

Defendant argues that the evidence shows that the handcuffs were placed too tightly on him and he was not resisting arrest; rather, he was asking the officer to stop hurting him. In connection with that argument, defendant contends that in his closing argument in the municipal court he stated that he

had sought medical treatment for a cut on his wrist after he was released, but neither the municipal judge nor the Law Division judge considered that contention.

The Law Division judge considered defendant's testimony that the handcuffs were too tight, but apparently did not find that testimony credible or a valid excuse for defendant's resistance. The Law Division judge also did not commit reversible error by not considering a contention made in closing arguments.

Defendant also argues that Officer Elmer gave improper opinion testimony on the ultimate issue of guilt. In that regard, defendant relies on the following exchange when defendant cross-examined Officer Elmer:

Q. Thirty seconds. Why did it take that long?

A. You were resisting.

Q. I was resisting as of when?

A. You were pulling away. You kept twisting as you can see here, facing Officer Weiss now instead of the fence still. So you twisted yourself and then, when I am still trying to cuff you - -

Q. You had - -

A. - - You continued to twist and pull your arm away.

The Law Division judge reviewed all the testimony in finding defendant guilty beyond a reasonable doubt. While the judge referenced Elmer's testimony that defendant was resisting, it is apparent that the judge did not rely solely on that testimony. Instead, the judge agreed that defendant was resisting based on all of the evidence presented at trial. Accordingly, the judge's reference to Elmer's testimony concerning the ultimate issue is not grounds for reversal.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1604-17T4